

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 2937

----------------------------------------------------------X

FREDERICK DONOVAN,

                Plaintiff,

        -against-

RITE AID CORPORATION and DAVID
HARPER Individually,

                Defendants.

----------------------------------------------------------X

__COMPLAINT__

Jury Trial Demanded

       Plaintiff, by his attorney, The Law Office of Fred Lichtmacher P.C., alleges the following upon information and belief as his Complaint:

### Nature of the Claims

    1    This wages and hours/wrongful termination lawsuit stems defendant from Rite Aid Corporation's designation of plaintiff as a "manager" in order to systematically underpay Mr. Donovan.

### Jurisdiction and Venue

    2    Jurisdiction is founded upon the Fair Labor Standard Act (FLSA) pursuant to 29 U.S.C. § 216(b), upon Federal Question pursuant to 28 U.S.C. § 1331 and upon 28 U.S.C. § 1367.

    3    Venue is appropriate pursuant to 28 U.S.C. § 1391 (b).

### Parties

    4    At all times hereinafter mentioned, plaintiff, FREDERICK DONOVAN, was and still is a resident of the County of Queens in the City and State of New York.

    5    Defendant RITE AID CORPORATION, is a Delaware corporation, with its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania. The Defendant RITE

AID owns and operates approximately 5,000 retail drug stores nationwide, including numerous stores within New York State.

6       At all times hereinafter mentioned, defendant DAVID HARPER was a District Manager for defendant RITE AID.

7       Plaintiff had been employed by defendant RITE AID from in or about 2008 through May 2012.

8       Plaintiff worked in an excess of 40 hours per workweek without receiving overtime compensation as required by federal and state laws.

<u>Statement of Facts</u>

9       In May 2008, Frederick Donovan started to work for defendant RITE AID as a stock clerk.

10      In approximately August or September 2008, defendant RITE AID designated Mr. Donovan as an Assistant/Co-Manager.

11      Plaintiff worked for RITE AID for a salary and his work week was supposed to be forty-five (45) hours weekly (nine [9] hours a day) for five (5) days.

12      Plaintiff actually worked about sixty-seventy (60-70) hours weekly, sometimes as much as eighty (80) hours during weeks when inventory came. He worked six (6) or seven (7) days a week.

13      Defendant RITE AID was aware, or should have been, that employees such as plaintiff who were designated "Co-Managers," *inter alia*: (a) primarily or solely performed stocking duties and other manual labor; (b) performed little or no supervisory functions; and (c)wielded little or no discretion in the performance of their duties.

14      It is defendant RITE AID's policy and practice to classify Co-Managers as executives, exempt from coverage of the overtime provisions of the FLSA and the New York Labor Law, without consideration of the duties these workers actually performed.

15      Defendant RITE AID's unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and the New York Labor Law.

16      Defendant was or should have been aware that State and Federal law require it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

17      Despite plaintiff's job duties, defendant RITE AID intentionally designated Mr. Donovan as a "managerial" employee in an attempt to justify classifying him as exempt from overtime protections and avoid liability for overtime payments properly due to him.

18      Defendant RITE AID's failure to pay Co-Managers overtime wages for their work in excess of 40 hours per week was willful, arbitrary, unreasonable and in bad faith.

19      In July 2010, a class action, Ibea v. Rite Aid Corporation, E.D.N.Y., 10 CV 3075 was commenced.

20      Mr. Donovan joined the Ibea lawsuit as a plaintiff.

21      In February 2012, plaintiff was notified for a deposition in the Ibea suit.

22      Plaintiff testified pursuant to the notice, and plaintiff's District Manager, defendant HARPER, was present during the deposition.

23      After the deposition, defendant HARPER told Mr. Donovan that, as a result of participating in the deposition, plaintiff "won't have growth within the company."

24      On May 2, 2012, after plaintiff's testimony in Ibea, defendant RITE AID indefinitely suspended plaintiff.

25      Plaintiff was told that he was suspended for a discrepancy in store receipts for a deposit that was made on a day when the plaintiff was not working.

26      Plaintiff contacted RITE AID's Human Resources Department regarding his suspension, which investigated and held a hearing.

27      Plaintiff  was reinstated sixty-one (61) days later.

28      The plaintiff was only partially paid for the time in which he was suspended.

29      In July 2012, the plaintiff was forced to resign from defendant RITE AID's
company due to that defendant HARPER expressed the defendant's intention that plaintiff would
not grow within the company because of the Ibea testimony and because of the hostile work
environment plaintiff faced followin his testimony.

30      In November 2012, Plaintiff withdrew as a plaintiff in the Ibea class action.


### FIRST CLAIM FOR RELIEF FOR VIOLATING
### PLAINTIFF'S FLSA RIGHTS UNDER 29 U.S.C. § 207

31      Plaintiff repeats the allegations of foregoing paragraphs as though fully stated
herein.

32      At all relevant times, plaintiff engaged in commerce and/or the production of
goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

33      The overtime wage provision set forth in the FLSA applies to defendant RITE
AID and protects the plaintiff.

34      At all relevant times, defendant RITE AID has been and continues to be an
employer engaged in interstate commerce and/or the production of goods for commerce, within
the meaning of 29 U.S.C. §§ 206(a) and 207(a) of the FLSA.

35      At all relevant times, defendant RITE AID employed Plaintiff within the meaning
of the FLSA.

36      Upon information and belief, at all relevant times, defendant RITE AID had gross
revenues in excess of $500,000.

37      At all relevant times, defendant RITE AID has had a policy and practice of
refusing to pay for all the hours worked, as well as to pay overtime compensation to their co-
managers for hours worked in excess of forty hours per week.

38      As a result of defendant RITE AID's willful failure to compensate its employees,
specifically plaintiff, at a rate not less than one and one-half times the regular rate of pay for

work performed in excess of forty hours in a workweek, defendant has violated and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a) (1) and 215(a).

39     Defendant RITE AID has failed to make, keep and preserve records with respect to the plaintiff sufficient to determine the wages, hours, and other conditions and practices of employment in violation of FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

40     The foregoing conduct as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §§ 255(a).

41     The defendant RITE AID did not make a good faith effort to comply with the FLSA with respect to its compensation of plaintiff.

42     Due to the defendant RITE AID's FLSA violations, plaintiff is entitled to recover from defendant RITE AID his unpaid overtime wages for all the hours worked by him over the 40 in a workweek, including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, an additional and equal amount as liquidated damages for defendant's willful violations of the FLSA, prejudgment interest, reasonable attorney's fees and costs and disbursements of this action.

43     As a consequence thereof, Frederick Donovan has been injured.

## SECOND CLAIM FOR RELIEF FOR
## VIOLATING PLAINTIFF'S RIGHTS UNDER  NEW YORK LABOR LAW

44     Plaintiff repeats the allegations of foregoing paragraphs as though fully stated herein.

45     Defendant RITE AID engaged in a widespread pattern, policy and practice of violating the New York Labor Law, as detailed in complaint.

46     At all relevant times, plaintiff was employed by defendant RITE AID within the meaning of the New York Labor Law §§ 2 and 651.

47    Defendant RITE AID willfully violated plaintiff's rights by failing to pay him overtime compensation at rates not less then one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of the New York Labor Law and its regulations.

48    Defendant RITE AID has failed to make, keep, preserve, maintain and furnish accurate records of time worked by plaintiff.

49    Defendant RITE AID's New York Labor Law violations has caused plaintiff irreparable harm for which there is no adequate remedy at law.

50    Due to the defendant RITE AID's New York Labor Law violations, plaintiff is entitled to recover from defendant his unpaid overtime wages, liquidated damages, including the defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, reasonable attorney's fees and costs and disburdenments of this action, prejudgment and post judgement interest.

51    As a consequence thereof, Frederick Donovan has been injured.

### THIRD CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHTS UNDER N.Y.C. HUMAN RIGHTS LAW

52    Plaintiff repeats the allegations of foregoing paragraphs as though fully stated herein.

53    Defendants engaged in a widespread pattern, policy and practice of violating the NYC Human Rights Law Administrative Code § 8-107(7).

54    At all relevant times, the plaintiff was similarly situated to other mangers who worked for the defendant RITE AID.

55    The plaintiff participated in a protected activity by joining a class action suit and testifying in such suit.

56    After participating in the protected activity, plaintiff was retaliated against when Defendant HARPER expressed the defendant RITE AID's intention that Mr. Donovan would not grow within the defendant company.

57    Plaintiff was then indefinitely suspended in retaliation for joining the class action suit and testifying against defendant RITE AID.

58    As a consequence thereof, Frederick Donovan has been injured.

## FORTH CLAIM FOR RELIEF
## FOR CONSTRUCTIVE TERMINATION

59    Plaintiff repeats the allegations of foregoing paragraphs as though fully stated herein.

60    Defendants created a work environment so unpleasant that a reasonable person in the plaintiff's position would feel compelled to resign.

61    In February 2012, plaintiff testified in a deposition for the class action suit in the presence of his District Manager, defendant HARPER.

62    Defendant HARPER then told the plaintiff that plaintiff "wont have growth within the company" after testifying at the deposition.

63    After testifying, Mr. Donovan was indefinitely suspended for pretextual reasons, to wit, a supposedly suspicious deposit that was made on a day when the plaintiff was not working.

64    Plaintiff had to go to the Human Resources himself before they initiated an investigation and was then reinstated 61 days after being suspended.

65    The plaintiff was only partially paid for the time in which he was suspended.

66    As a consequence thereof, Frederick Donovan has been injured.

## FIFTH CLAIM FOR RELIEF FOR PRIMA FACIE TORT

67     Plaintiff repeats the allegations of foregoing paragraphs as though fully stated herein.

68     Defendants intentionally inflicted harm onto the Plaintiff by telling the Plaintiff he will not advance in the company and thereafter suspending the Plaintiff from his employment.

69     Defendants harms resulted in lost wages when the Defendants suspended the Plaintiff from his employment.

70     The Defendants were without any excuse or justification when they suspended him, since the Plaintiff did not have any negative comments in his employment record.

71      The Defendants acts were otherwise lawful.

72     As a consequence thereof, Frederick Donovan has been injured.


## Request for Relief

WHEREFORE, Plaintiff respectfully requests that judgment be entered that his rights under 29 U.S.C. §§ 206(a) and 207(a), New York Labor Law §§ 2 and 651, and New York City Administrative Code §8-107 were violated, together with

(A)     Compensatory damages in an amount to be fixed at trial;

(B)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(C)     An award to plaintiff of the costs and disbursements herein;

(D)     An award of attorney's fees under under the relevant statutes, including but not limited to New York City Administrative Code §8-502(f); and

-8-

(E)     Such other and further relief as this Court may deem just and

proper.

Dated:  May 1, 2013
        New York, New York

                                    The Law Office of Fred Lichtmacher, PC
                                      *Attorney for Plaintiff*
                                    350 Fifth Avenue, Suite 7116
                                    New York, York 10118
                                    (212) 922-9066
                                    Fax (212) 922-9077
                                    *fred.lichtmacher.pc@gmail.com*


                                    By: Matthew Flamm
                                        Of Counsel